IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

            Plaintiff,                                 ORDER

      v.                                           99-cr-15-jcs-01

JEFFREY A. PETERSON,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing on the probation office's petition for judicial review of Jeffrey Peterson's supervised release was held in this case on October 22, 2008, before United States District Judge Barbara B. Crabb, hearing the matter in Judge Shabaz's absence. The government appeared by Grant C. Johnson, Assistant United States Attorney for the Western District of Wisconsin. Defendant was present in person and by counsel, Peter A. Bartelt. Also present was Senior United States Probation Officer Helen Healy Raatz.

      From the record and defendant's stipulation, I make the following findings of fact.

FACTS

      Defendant was sentenced in the Western District of Wisconsin on December 15, 2000, following his conviction for bank fraud, in violation of 18 U.S.C. § 1344. This offense is a Class B felony. He was committed to the custody of the Bureau of Prisons to serve a

term of imprisonment of 41 months, with a five-year term of supervised release to follow.

Defendant began his term of supervised release on February 3, 2006. Defendant violated the general condition prohibiting him from committing another federal, state or local crime when he burglarized Stephanie Kleppe's home, submitted a fraudulent credit application to Capital Ford, issued a worthless $500 down payment check to Capital Ford, and issued a worthless $2,000 check to Argyle Lumber. Defendant violated the general condition requiring him to make restitution when he failed to submit monthly restitution payments in February, March, June, July and August 2008. Defendant violated Standard Condition No. 2, requiring him to submit truthful and complete monthly report forms when he failed to submit monthly report forms for June and July 2008, and when he included false residential information on monthly report forms for October, November and December 2007, and January, February, March, April and May 2008. Defendant violated Standard Condition No. 6, requiring him to report any change in employment or residence within 72 hours, when he failed to notify the probation officer of his new residence.

Defendant's most serious conduct falls into the category of Grade A violation. Section § 7B1.3(a)(1) of the advisory guidelines directs the court to revoke supervision upon a finding of a Grade A violation.

CONCLUSIONS

Defendant's Grade A violation warrants revocation. Accordingly, the 60-month term of supervised release imposed on defendant on December 15, 2000, will be revoked.

Defendant's criminal history category is VI.  With a Grade A violation and a criminal history category of VI, defendant has an advisory guideline range of imprisonment of 33 to 41 months.  The statutory maximum to which defendant can be sentenced upon revocation is 36 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than three years if the offense for which the person was sentenced previously was a Class B felony.  Thus, the advisory guideline range is capped at 36 months.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence equal to the statutory maximum because defendant committed a series of violations over a lengthy time frame.  This sentence will protect the community from further criminal behavior by the defendant and achieve parity with the sentences of similarly situated offenders.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant Jeffrey A. Peterson on December 15, 2000, is REVOKED.  The statutory maximum sentence of

3

imprisonment is warranted by defendant's ongoing criminal activity. Defendant is committed to the custody of the Bureau of Prisons for a term of 36 months.

A 24-month term of supervised release will follow custody. All standard and special conditions of supervised release previously imposed shall remain in effect, with the addition of Special Condition No. 7, prohibiting defendant from applying for or opening any new lines of credit, including application for credit cards.

Defendant does not have the financial means or earning capacity to pay the cost of incarceration.

Entered this 22nd day of October, 2008.

BY THE COURT:
/s/
Barbara B. Crabb
U.S. District Judge